UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEONARD PERKINS and FRANCINE PERKINS<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY<br><br>Defendant. | )<br>)<br>)<br>) CASE NO.<br>)<br>) JURY TRIAL REQUESTED<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiffs, **LEONARD PERKINS** and **FRANCINE PERKINS** (hereinafter "Plaintiffs"), who respectfully represent as follows.

### PARTIES

1.

The parties herein are:

Plaintiff **LEONARD PERKINS,** is a natural person of the full age of majority who is domiciled in Jefferson Parish, Louisiana;

Plaintiff **FRANCINE PERKINS,** is a natural person of the full age of majority who is domiciled in Jefferson Parish, Louisiana; and

Made defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "**STATE FARM**"), a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

Upon information and belief, defendant **STATE FARM** is an Illinois corporation with its principal place of business in Bloomington, Illinois. Upon information and belief, **STATE FARM** is duly authorized to conduct insurance business in the State of Louisiana. Upon information and belief, **STATE FARM**, at all material times, has conducted business within the State of Louisiana, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders, property, or activities located in Louisiana. As such, for citizenship purposes, Defendant is a citizen of its state of incorporation, Illinois.

## JURISDICTION AND VENUE

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

Pursuant to 28 U.S.C. 1391 (b), venue is proper in the Eastern District of Louisiana, because the property that is subject of this action and where the damages were sustained occurred within the Eastern District of Louisiana.

## FACTUAL BACKGROUND

3.

**STATE FARM** insured the property of Plaintiffs located at 3519 Wedgwood Drive, Harvey, Louisiana, 70058, under Policy No. XLH333002, which was in full force and effect on August 29, 2021.

4.

Where used herein, **STATE FARM** refers to not only the named entity but to anyone acting for or on behalf of **STATE FARM** in relation to the claim of Plaintiffs, including the employees,

contractors, adjusters and agents of **STATE FARM** or anyone providing services to **STATE FARM** relating to the claims of Plaintiffs.

5.

Hurricane Ida struck the Gulf Coast including Harvey, Louisiana on August 29, 2021, making landfall around 11:55 A.M. on August 29th near Port Fourchon, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the insured property, for several hours.

6.

The above property was damaged as a result of winds associated with Hurricane Ida.

7.

On or about August 29, 2021, **STATE FARM** was notified of the loss to the Perkins home located at 3519 Wedgwood Drive, Harvey, Louisiana 70058 and provided satisfactory proof of loss when it was given access to inspect all damages at the insured property without limitation on September 25, 2021. Shockingly, **STATE FARM** determined that the damages were less than the policy deductible, and therefore no payment was issued.

8.

On or about April 7, 2022, Veteran Adjusters, Inc., the public adjuster retained by the Plaintiffs, prepared an estimate of the damages to the home. The estimate approximated damages in the amount of $78,105.41. This estimate, along with objective photographs of the damages were promptly provided to **STATE FARM**.

9.

On or about May 11, 2022, **STATE FARM** prepared an estimate which misrepresented the extent and nature of the damage to the Perkins home and underestimated the amount needed

to repair the home as supported by estimates Plaintiffs were forced to procure to repair the home. Subsequently, **STATE FARM** tendered a late payment on or about May 12, 2022, in the amount of $10,412.24.

10.

On or about July 7, 2022, Plaintiffs engaged the services of Emergency Mold Services, LLC to perform a Water Damage Assessment to the home. Thereafter, Emergency Mold Services, LLC submitted an invoice in the amount of $2,500.00. To date, **STATE FARM** has not made any payments toward this invoice, and the balance remains due.

11.

On or about July 14, 2022, the Plaintiffs engaged the services of Air Quality Assessors (AQA) to perform an engineering inspection of the home. Thereafter, AQA submitted an invoice for its services in the amount of $5,000.00. To date, **STATE FARM** has not made any payments toward this invoice, and the balance remains due.

12.

On or about October 15, 2022, **STATE FARM** tendered a second late payment in the amount of $24,719.91.

13.

On January 5, 2023, Plaintiffs made amicable demand upon **STATE FARM** to no avail.

14.

To date, **STATE FARM** has failed to fully pay for all the damages the Perkins home sustained.

**CLAIM FOR BREACH OF CONTRACT**

15.

Plaintiffs adopt and re-allege each allegation contained in this Complaint as if set out anew herein.

16.

**STATE FARM** undeniably owes Plaintiffs the amount reflected in the satisfactory proofs of loss for covered losses to the dwelling under the above designated policy and has failed to unconditionally tender the amounts owed.

17.

**STATE FARM** is in breach of its obligations to Plaintiffs under the insurance policy by its failure to pay timely the amounts owed under the policy.

18.

In addition to amounts reflected in proofs of loss already received by **STATE FARM**, Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

**CLAIMS FOR VIOLATIONS OF LA. R.S. § 22:1892 AND/OR §22:1973**

19.

Plaintiffs adopt and re-allege each allegation contained in this Petition as if set out anew herein.

20.

Louisiana Revised Statute § 22:1892 obligates an insurer, such as **STATE FARM**, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable, attorney fees and costs.

21.

Louisiana Revised Statute § 22:1973 imposes on insurers in first party claims a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds. Section 1973 makes any misrepresentation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained.

22.

Louisiana law requires that an insurer unconditionally tender the amounts due to an insured in order to satisfy its payment obligations under the above-referenced statutes.

23.

More than thirty and sixty days have elapsed since **STATE FARM** first received satisfactory proof of loss of all of Plaintiffs' claims and **STATE FARM** still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

24.

In addition to the amount of the loss owed, **STATE FARM** is also liable to Plaintiffs for a penalty of 50% of the amount due from **STATE FARM**, as well as reasonable attorney's fees and costs, based on **STATE FARM**'s failure to unconditionally tender the amounts owed to Plaintiffs within thirty (30) days after receipt of satisfactory proof of loss because **STATE FARM**'s failure to do so was arbitrary, capricious, or without probable cause.

25.

"Louisiana law also allows a plaintiff to recover for mental anguish suffered as a result of damage to property, but only in limited circumstances: (1) when property is damaged by an intentional or illegal act; (2) when property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuing nuisance; or (4) when property is damaged when the owner is either present or nearby and suffered a psychic trauma as a direct result." *In re Air Crash Disaster Near New Orleans*, La. on July 9, 1982, 764 F.2d 1084, 1087 (5th Cir. 1985). In this case, Plaintiffs are able to establish and substantiate their damages for mental anguish which is the direct result of **STATE FARM**'s breaches of its duty of good faith and fair dealing.

26.

As a result of **STATE FARM**'s failure to timely pay the amounts owed, Plaintiffs have suffered and continue to suffer damages for which **STATE FARM** is liable including but not limited to mental-anguish, aggravation, and inconvenience, for **STATE FARM**'s misrepresentations of pertinent facts concerning the amounts owed and extent of damage, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the

amounts owed to the Plaintiffs within sixty (60) days of receipt of satisfactory proof of loss, because that failure was arbitrary, capricious, or without probable cause.

27.

In addition to actual damages for its Violation of Louisiana Revised Statue § 22:1973, **STATE FARM** is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater.

28.

**STATE FARM** is and continues to be in violation of both Louisiana Revised Statute § 22:1892 and § 22:1973 and is liable unto Plaintiffs for damages, statutory penalties, attorneys' fees, interest and costs.

**WHEREFORE**, after due proceedings hereon, Plaintiffs **LEONARD PERKINS** and **FRANCINE PERKINS,** pray for judgment in their favor against Defendant **STATE FARM FIRE AND CASUALTY COMPANY** finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiffs for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

**PLAINTIFFS DEMAND TRIAL STRUCK BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 13th day of February 2023.

/s/ *Mark G. Montiel, Jr.*
_____
MARK G. MONTIEL, JR. (#36122)
SHELBY S. TALLEY (#39050)
JACK F. GRIFFIN (#40382)
LAWSON NGUYEN (#40469)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Fax: (504) 308-0511
mmontiel@montielhodge.com

stalley@montielhodge.com  
jgriffin@montielhodge.com  
lnguyen@montielhodge.com  
**Attorneys for Plaintiffs**

**Service will be made on Defendant,**
**STATE FARM FIRE AND CASUALTY COMPANY**
Through Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, Louisiana 70809